People v Guzman (2024 NY Slip Op 02507)

People v Guzman

2024 NY Slip Op 02507

Decided on May 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 07, 2024

Before: Webber, J.P., Moulton, Friedman, González, Mendez, JJ. 

Ind. No. 4450/15, 2832/16, 1846/16 Appeal No. 2208 Case No. 2018-272, 2017-2380 

[*1]The People of the State of New York, Respondent,
v
Rafael Guzman, Appellant.

Twyla Carter, The Legal Aid Society, New York (Steven R. Berko of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Stephen J. Kress of counsel), for respondent.

Judgment, Supreme Court, New York County (James M. Burke, J.), rendered March 1, 2017, as amended March 20, 2017, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree under indictment No. 2832/16, and sentencing him, as a second violent felony offender, to a term of five years, to run concurrently with the sentences imposed under indictment Nos. 4450/15 and 1846/16, and judgment, same court and Justice, rendered March 1, 2017, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree under indictment No. 4450/15, and sentencing him, as a second felony drug offender with a prior violent felony conviction, to a term of four years, to run concurrently with the sentences imposed under indictment Nos. 2832/16 and 1846/16, unanimously affirmed.
The court properly denied defendant's motion to suppress identification testimony without conducting a hearing pursuant to People v Rodriguez (79 NY2d 445 [1992]). The factual allegations in the People's response to defendant's omnibus motion, which defendant did not dispute, were sufficient to establish that the identifications by the victim, who had employed defendant for several weeks, and by the victim's wife, who was also familiar with defendant, were merely confirmatory (see People v Rodriguez, 47 AD3d 417 [1st Dept 2008], lv denied 10 NY3d 816 [2008]). The court also properly relied on the grand jury minutes, which further supported the People's uncontroverted assertions about the prior relationship between defendant and the identifying witnesses (see People v Thomas, 190 AD3d 591, 592 [1st Dept 2021], lv denied 37 NY3d 960 [2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 7, 2024